UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JOSHUA TREY WHITE, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> BLUECROSS BLUESHIELD OF ) <br> TENNESSEE, INC. ) <br> ) <br> Defendant. ) <br> ) | Case No. 1:22-cv-00249-KAC-CHS <br><br> District Judge Katherine A. Crytzer <br><br> Magistrate Judge Steger <br><br> JURY DEMANDED |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
PARTIAL MOTION TO DISMISS COUNT III OF
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant BlueCross BlueShield of Tennessee ("BCBST"), by and through its undersigned attorneys, hereby moves to dismiss Count III of Plaintiff Joshua Trey White's ("Plaintiff's") Complaint. Count III asserts that BCBST is liable to Plaintiff for failing to provide post-employment severance pay -- a benefit that Plaintiff alleges BCBST promised him in its offer letter at the beginning of Plaintiff's employment. Given Plaintiff's reliance on that offer letter, the Court may consider the letter's contents when evaluating BCBST's Partial Motion to Dismiss without converting the motion into one of summary judgment. A cursory review of the offer letter Plaintiff relies on confirms that BCBST never offered, promised, or otherwise contractually agreed to provide severance pay to Plaintiff. Instead, Plaintiff's employment with BCBST remained at-will, and BCBST could end that employment relationship at any time, for any (lawful) reason, without recourse or condition -- including without any obligation to pay severance benefits. Plaintiff's allegations to the contrary are therefore implausible and his claim fails as a matter of law.

4882-9002-7322

1

## I. BACKGROUND

This case arises from Plaintiff's failure and refusal to comply with a limited and narrowly-tailored COVID-19 vaccination mandate that BCBST lawfully implemented during Plaintiff's employment with BCBST. Plaintiff's claims primarily arise under Title VII of the Civil Rights Act of 1964 as amended and corollary rights provided under the Tennessee Human Rights Act. (*See generally* Am. Compl., Dkt. No. 7.) Tacked on at the end of the Amended Complaint (the "Complaint") is a claim for breach of contract. (*See id.* ¶¶ 143–165.) That claim alleges, "[w]hen BlueCross offered Mr. White employment, it also offered him a severance benefit applicable upon the termination of employment." (*Id.* ¶ 144.) According to Plaintiff, post-termination severance benefits were allegedly, "part of the terms of employment he accepted," as memorialized in the offer letter Plaintiff received at the beginning of his employment. (*Id.* ¶¶ 145, 148–156.) Plaintiff further alleges that BCBST breached its contractual obligation to Plaintiff by failing to provide him severance pay. (*Id.* ¶¶ 163–65.) However, the offer letter forming the basis of Count III contains no reference to severance benefits. Plaintiff's conclusory and self-serving allegations to the contrary fail to state a plausible claim for breach of contract. Accordingly, this Court should summarily dismiss Count III of the Complaint.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *Vest v. Resolute FP US Inc.*, 905 F.3d 985, 987 (6th Cir. 2018). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Laborers' Local 265 Pension Fund v. iShares Trust*, 769 F.3d 399, 403 (6th Cir. 2014) (quoting

4882-9002-7322

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In considering whether a complaint will survive a motion to dismiss, the court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013). A plaintiff is required to provide the grounds showing entitlement to relief, and this requires more than labels, conclusions, and a formulaic recitation of the elements. *Id.* Dismissal is appropriate when "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Homeland Sec.*, 679 F.3d 425, 429 (6th Cir. 2012).

### III. ARGUMENT

Plaintiff's breach of contract claim must be dismissed because the Complaint does not plausibly allege the existence of a contract entitling Plaintiff to severance pay. "The essential elements of any breach of contract claim include (1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract." *Bynum v. Sampson*, 605 S.W.3d 173, 180 (Tenn. Ct. App. 2020) (internal quotation marks omitted) (quoting *ARC Lifemed, Inc. v. AMC-Tennessee, Inc.*, 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005)). "'[W]hether a contract has been formed is a question of law,'" and "[t]he Court's role, therefore, is to accept all factual allegations in the complaint as true and determine whether the complaint contains enough facts to show the existence of a contract is plausible." *Am. Accessories, Int'l, LLC v. Conopco, Inc.*, No. 3:15-CV-49-TAV-HBG, 2017 WL 52606, at *4 (E.D. Tenn. Jan. 4, 2017) (quoting *Tan v. Wilbur Smith Assocs., Inc.*, No. 2:09-CV-25, 2011 WL 3421320, at *4 (E.D. Tenn. Aug. 4, 2011)).

4882-9002-7322

3

When analyzing the plausibility of a complaint's allegations, "'documents 'integral' to the complaint' may be relied upon, 'even if they are not attached or incorporated by reference.'" *Mediacom Southeast LLC v. BellSouth Telcoms., Inc.*, 672 F.3d 396, 400 (6th Cir. 2012) (internal modifications omitted) (quoting *Weiss v. Inc. Vill. of Sag Harbor*, 762 F. Supp. 2d 560, 567 (E.D.N.Y. 2011)); *see also Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (explaining that "when a document is referred to in the complaint and is central to the plaintiff's claim" the court may consider it without converting a motion to dismiss into a motion for summary judgment even if the document "is not formally incorporated by reference or attached to a complaint.").

Here, Plaintiff has not plausibly alleged that BCBST offered or otherwise contractually agreed to pay him severance benefits. Plaintiff repeatedly insists that the offer letter he initially received from BCBST memorialized his severance pay benefit, but a cursory review of that letter confirms otherwise. (*See* Am. Compl. ¶¶ 148–156.) Indeed, BCBST retrieved the referenced offer letter from Plaintiff's employment records -- a true and correct copy of which is attached hereto as **Exhibit A** -- and that offer letter contains no mention of severance benefits. By directly contradicting Plaintiff's allegations regarding BCBST contractually agreeing to provide post-termination severance benefits, the offer letter demonstrates that Plaintiff's allegations are wholly inaccurate and implausible, and thus cannot support a claim to relief.

An employer is not required to pay an employee severance upon termination unless there exists a contract imposing that obligation on the employer. Here, Plaintiff offers ***zero*** plausible allegations evidencing such a contract, and the document he relies upon blatantly contradicts his assertions. Count III is based *solely* on Plaintiff's self-serving legal conclusions and unwarranted

4882-9002-7322

4

factual inferences. Without alleging facts plausibly demonstrating the existence of a contract creating a severance pay obligation, Plaintiff has not alleged a viable breach of contract claim based on BCBST's refusal to pay severance benefits. Accordingly, Count III of the Complaint must be dismissed.

## IV. CONCLUSION

For the forgoing reasons, BCBST respectfully requests that Count III of the Complaint be dismissed.

Dated this 12th day of December, 2022.

>  */s/ Robert E. Boston*
> Robert E. Boston (Tenn. BPR # 009744)
> Joshua T. Wood (Tenn. BPR # 035395)
> WALLER LANSDEN DORTCH & DAVIS, LLP
> 511 Union Street, Suite 2700
> Nashville, TN 37219
> Telephone: (615) 244-6380
> bob.boston@wallerlaw.com
> josh.wood@wallerlaw.com
>
> *Attorneys for Defendant*

4882-9002-7322

**CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that on this the 12th day of December, 2022, a true and correct copy of the foregoing document was electronically filed with the United States District Court for the Eastern District of Tennessee using the Court's Electronic Case Filing (ECF) system, which will serve all parties below as indicated on the electronic filing notice to receive service in this manner.

Stephen S. Duggins
DUGGINS LAW GROUP, PLLC
8052 Standifer Gap Road, Suite B
Chattanooga, TN 37421
423-635-7113
Email: steve@dugginslawgroup.com

                                              */s/ Robert E. Boston*
                                              Attorney for Defendant

4882-9002-7322