UNITED STATED DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JOSHUA TREY WHITE, | ) |
| Plaintiff, | ) JURY DEMANDED |
| v. | ) No. 1:22-cv-00249-KAC-CHS |
| BLUECROSS BLUESHIELD of TENNESSEE, INC., | ) |
| Defendant. | ) |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S PARTIAL MOTION TO DISMISS**

Plaintiff Joshua Trey White ("Mr. White") submits this memorandum of law in opposition to Defendant BlueCross BlueShield of Tennessee, Inc.'s ("BlueCross") motion to dismiss Count III of the Amended Complaint. [Dkt. No. 13].

**I. Introduction.**

This case arises from BlueCross's deliberate and intentional disregard for its legal obligation to provide reasonable accommodation to employees with sincerely held religious objections to receiving a Covid-19 vaccination. Plaintiff Trey White was one of a number of BlueCross employees whose religious objections to the vaccine were blatantly disregarded. When Mr. White was unable to receive the vaccine because of his religious beliefs, BlueCross terminated his employment and refused to pay him promised severance benefits. After requesting and obtaining a right to sue letter from the EEOC, Mr. White filed a three-count complaint against BlueCross. Counts I and II—for religious discrimination in violation of Title VII and the Tennessee Human Rights Act—are not the subject of the pending partial motion to dismiss. The motion to dismiss is limited to Count III, a count seeking severance benefits.

1

## II. BlueCross's partial motion to dismiss should be denied for failure to comply with this Court's order requiring the parties to meet and confer before filing a motion to Dismiss.

The first reason BlueCross's motion should be denied is that BlueCross failed to comply with this Court's order requiring a defendant to confer with the plaintiff before filing a motion to dismiss. [Dkt. No. 5].

As is standard practice in this jurisdiction, this Court entered an Order Governing Motions to Dismiss on October 4, 2022. *Id*. The order unequivocally states that "the parties **must** meet and confer prior to the filing of a motion to dismiss to determine whether it can be avoided." *Id*. (emphasis added). That same order requires each motion to dismiss to contain a certification that the parties conferred. *Id*. Although Defendant's motion contains a certification, there was no genuine conferring.

On Thursday, December 8, 2022, at 12:45 p.m., defense counsel emailed Plaintiff's counsel advising of defense counsel's intent to file a partial motion to dismiss and asking about Plaintiff's counsel's "availability to chat later this afternoon, tomorrow, or sometime Monday?" Plaintiff's counsel responded on Friday morning, December 9, 2022 at 7:09 a.m. Plaintiff's counsel's email asked defense counsel if "sometime between 10:00 a.m. and 12:30 p.m. would work" as a time to discuss the matter.

Defense counsel responded to Plaintiff's 7:09 a.m. email at 4:19 p.m. on the same day. The email did not address a time for counsel to confer, but instead provided a brief explanation of the basis for Defendant's contemplated motion to dismiss Count III of Plaintiff's complaint. Count III of the complaint asserts a claim for severance benefits, and defense counsel's email argued that Count III should be dismissed because Defendant's employment offer letter to Plaintiff did not expressly reference severance benefits. Defense counsel's email also attached a

2

copy of that letter. Very conspicuously, however, defense counsel's email did **_not_** attach a copy of two benefits-related emails referenced in the letter that defense counsel attached to its email and on which it relies to assert its motion to dismiss.[1]

Plaintiff's counsel responded to defense counsel's 4:19 p.m. email within 30 minutes. The response was simple. At 4:49 p.m. on Friday, December 9, Plaintiff emailed defense counsel a single simple question: "Can you send me the separate emails referenced in the email[2] you attached?"

Notably, Defendant completely ignored Plaintiff's counsel's request—a request that was a very natural prerequisite to any ability of the parties to confer about Defendant's anticipated motion to dismiss. Defendant did not provide the requested benefits-related emails referenced in the letter/email that defense counsel attached to its December 9 email. Not only that, but Defendant did not respond to Plaintiff's request at all. Plaintiff's request was met with complete silence.

Instead of providing the requested documents, instead of responding to Plaintiff's request for the missing documents, and instead of initiating any attempt to confer with Plaintiff's counsel, Defendant simply proceeded with filing a motion to dismiss Count III of the complaint at 5:41 p.m. on Monday, December 12, 2022.

Defendant's December 9 email attaching partial documentation of the job offer Defendant extended to Plaintiff in 2011 did not constitute a genuine "conferring" regarding Defendant's subsequently filed partial motion to dismiss. What Defendant purports to characterize as "conferring" in its certification was nothing more than Defendant's one-way

---

[1] The letter is attached as an exhibit to Defendant's partial motion to dismiss.
[2] The letter appears to be an email with the email addresses, date and subject line cut off, but it possible that the letter may be a "hard copy" letter without date and letterhead.

3

assertion of its position without any dialogue or two-way discussion. Plaintiff's request for complete documentation—a request ignored by Defendant before filing the partial motion to dismiss—cannot qualify as "conferring" between the parties.[3]

Defendant's partial motion to dismiss should be denied because of Defendant's failure to comply with this Court's October 4, 2022 order requiring defense counsel to confer with Plaintiff's counsel prior to filling a motion to dismiss.

### III. BlueCross's partial motion to dismiss must be denied because the documentation BlueCross relies upon to support its motion is incomplete.

BlueCross's partial motion to dismiss rests entirely upon a document that BlueCross attached as an exhibit to its motion. However, the documentation submitted by BlueCross is incomplete. Consequently, the documentation cannot be considered, and BlueCross's motion should be dismissed.

Plaintiff acknowledges that—under the right circumstances—a motion to dismiss can rely on a document that was not an exhibit to the complaint. *See Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999). A motion to dismiss, however, cannot purport to rely on a document and then only produce partial or incomplete documentation. *Hamido v. Tenn. State Univ.*, 2018 U.S. Dist. LEXIS 31633 at *7-8 (M.D. Tenn. 2018) ("the Court may consider the [document attached to the motion to dismiss], however, the document filed by Defendant TSU appears to be incomplete. . . Thus Defendant TSU has failed to demonstrate that dismissal. . . is warranted on the record presented"). In *Hamido*, the defendant attached an EEOC charge letter to its motion to dismiss, but did not attach several other documents to which the charge

---

[3] On December 28, 2022, and after multiple requests for the information, Defense counsel did eventually advise Plaintiff's counsel that BlueCross does not have the requested emails referenced in the exhibit attached to Defendant's partial motion to dismiss.

4

letter referred. *Id.* The court held that it could not determine that the Plaintiff had failed to state a claim because the referenced documents were not part of the record. *Id.* The court would have needed to consider those documents before dismissing the claim. *Id.* Accordingly, the defendant's motion failed. *Id.* BlueCross's current motion should fail for the same reason.

In the present case, BlueCross's motion to dismiss attempts to rely on documentation not attached to the complaint, but the documentation submitted by BlueCross is patently incomplete. The document submitted by BlueCross in support of its motion to dismiss is an undated letter self-described as an "offer of employment." On its face, however, the undated letter did not purport to list or describe all employee benefits. Rather, the letter referred to other documentation that contains benefit information. Specifically, the letter stated, "You will receive two (2) separate emails containing BCBST's Benefits Information and standard employment forms." Additionally, after listing some basic terms of employment such as start date, salary, and paid time off, the letter then proceeded to refer to "Other employee benefits to include health insurance, retirement, life insurance, 401(k), *etc*., in accordance with applicable policies." (Emphasis added).

The letter's reference to additional emails with employment benefits information, the separate use of the word "etc." when listing employee benefits, and an additional reference to other "applicable policies" clearly indicates that the letter itself did not list all employee benefits or all terms of Mr. White's employment. Yet, when supplying the undated letter in support of its motion to dismiss, BlueCross did not provide any of the other correspondence, policies or documentation. Moreover, BlueCross's failed to provide other documentation despite being specifically asked to do so.

5

When defense counsel first emailed a copy of the undated letter/email to Plaintiff's counsel, Plaintiff's counsel responded—within 30 minutes—with a request for the two emails specifically referenced in the letter. BlueCross completely ignored the request, choosing instead to proceed with filing its motion to dismiss and supporting that motion with the incomplete documentation. The fact that the documentation relied upon by BlueCross is obviously incomplete inherently precludes BlueCross from relying on such documentation to support its partial motion to dismiss. *See Hamido,* 2018 U.S. Dist. LEXIS 31633 at *7-8. On its face, the letter does not purport to address all terms of employment or all employee benefits. On its face, the letter references other terms of employment, other benefits, and other policies. On its face, the letter references other correspondence describing other terms of employment and employee benefits. On its face, therefore, the letter is incomplete and cannot provide the basis for granting a motion to dismiss.

BlueCross's partial motion to dismiss should accordingly be dismissed.

**IV. BlueCross's partial motion to dismiss must be denied because the documentation BlueCross relies upon does not conclusively establish the absence of a severance benefit for Mr. White.**

BlueCross's partial motion to dismiss must also be dismissed for the simple reason that—contrary to BlueCross's assertion—the documentation relied upon by BlueCross does not conclusively establish that Mr. White had no severance benefits.

The entire premise of BlueCross's partial motion to dismiss is the proposition that the letter attached as an exhibit to the motion purportedly conclusively demonstrates that Mr. White did not have any severance benefits. But the letter does no such thing.

As discussed above in Section III, the letter on which BlueCross relies expressly did not attempt to list or describe all terms of employment and all employee benefits. Rather, the letter

6

Case 1:22-cv-00249-KAC-CHS   Document 16   Filed 01/03/23   Page 6 of 9   PageID #: 79

When defense counsel first emailed a copy of the undated letter/email to Plaintiff's counsel, Plaintiff's counsel responded—within 30 minutes—with a request for the two emails specifically referenced in the letter. BlueCross completely ignored the request, choosing instead to proceed with filing its motion to dismiss and supporting that motion with the incomplete documentation. The fact that the documentation relied upon by BlueCross is obviously incomplete inherently precludes BlueCross from relying on such documentation to support its partial motion to dismiss. *See Hamido,* 2018 U.S. Dist. LEXIS 31633 at *7-8. On its face, the letter does not purport to address all terms of employment or all employee benefits. On its face, the letter references other terms of employment, other benefits, and other policies. On its face, the letter references other correspondence describing other terms of employment and employee benefits. On its face, therefore, the letter is incomplete and cannot provide the basis for granting a motion to dismiss.

BlueCross's partial motion to dismiss should accordingly be dismissed.

**IV. BlueCross's partial motion to dismiss must be denied because the documentation BlueCross relies upon does not conclusively establish the absence of a severance benefit for Mr. White.**

BlueCross's partial motion to dismiss must also be dismissed for the simple reason that—contrary to BlueCross's assertion—the documentation relied upon by BlueCross does not conclusively establish that Mr. White had no severance benefits.

The entire premise of BlueCross's partial motion to dismiss is the proposition that the letter attached as an exhibit to the motion purportedly conclusively demonstrates that Mr. White did not have any severance benefits. But the letter does no such thing.

As discussed above in Section III, the letter on which BlueCross relies expressly did not attempt to list or describe all terms of employment and all employee benefits. Rather, the letter

specifically mentioned that there were other terms of employment and other employee benefits not spelled out in the letter. As also discussed in Section III, the letter on which BlueCross relies expressly referred to two other emails with information about employee benefits. It also expressly referred to other applicable policies not described in the letter. And in addition to that, it used the term "etc." after listing a number of employee benefits. The letter thereby expressly conveyed that Mr. White had other benefits and that the letter was not attempting, within its four corners, to describe all such benefits. Thus, the letter does not conclusively refute Mr. White's severance benefits claim as contended by BlueCross.

BlueCross's partial motion to dismiss should accordingly be dismissed.

**V. Plaintiff should be granted leave to amend his complaint.**

Regardless of how this Court interprets the letter submitted by BlueCross, and regardless of whether the Court accepts or rejects Plaintiff's position as outlined above, Plaintiff should be granted leave to amend his complaint.

Leave to amend a complaint should be freely granted. *Forrester v. Am. Sec. & Prot. Serv. LLC*, 22 U.S. App LEXIS 12959 at *25-26 (6th Cir. 2022). Indeed, this Court's October 4, 2022 order requiring a defendant to confer with plaintiff's counsel before filing a motion to dismiss is presumably premised in part on that same proposition. There is no point in briefing a motion to dismiss when the alleged deficiency can be easily corrected. In the present case, however, and as discussed above in Section II, BlueCross did not confer with Plaintiff's counsel and did not give Plaintiff's counsel an opportunity to explain how it could easily cure any alleged defect in Count III with an amendment. Plaintiff accordingly now requests this Court to grant Plaintiff leave to amend the complaint and thereby moot any defense argument about a purported deficiency in Count III.

7

Plaintiff is submitting a proposed amended complaint as Exhibit 1 to this memorandum. The changes in Count III of the proposed amended complaint clearly state that Mr. White was promised severance benefits and that BlueCross breached its contract with Mr. White by failing to provide those severance benefits. Regardless of how this Court addresses any of the other issues discussed in this memorandum, Plaintiff's proposed amended complaint would moot BlueCross's partial motion to dismiss. Plaintiff accordingly requests this Court to grant Plaintiff leave to file an amended complaint and also to deny Defendant's partial motion to dismiss.

**VI. Conclusion.**

Defendant BlueCross's partial motion to dismiss should be denied for four separate reasons. First, BlueCross failed to comply with this Court's October 4, 2022 order requiring the parties to confer before filing any motion to dismiss. Second, the documentation BlueCross attached to its motion and upon which it relies to support its motion is, on its face, incomplete and therefore cannot be relied upon to support the motion. Third, contrary to BlueCross's argument, the documentation it attached to its motion does not conclusively establish that Mr. White had no severance benefits. And fourth, regardless of all other issues, any alleged deficiency in Count III of the complaint can be easily cured by filing the proposed amended complaint which Plaintiff is attaching as an exhibit to this memorandum.

This the 3rd day of January, 2023.

Respectfully Submitted,

DUGGINS LAW GROUP, PLLC

By: /s/*Stephen S. Duggins*
    (Stephen S. Duggins, #13222)
8052 Standifer Gap Road, Suite B
Chattanooga, TN 37421
423/635-7113 (o) / 423/635-7114 (f)
steve@dugginslawgroup.com

8

**CERTIFICATE OF SERVICE**

      I certify that a copy of this memorandum is being served upon the following defense counsel via the court's electronic filing system:

Robert E. Boston, Esq.
Josh Wood, Esq.
Waller Lansden Dortch & Davis, LLP
511 Union St., Ste. 2700
Nashville, TN 37219

                                                                /s/ *Stephen S. Duggins*