UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JOSHUA TREY WHITE, | |
| Plaintiff, | Case No. 1:22-cv-00249-KAC-CHS |
| v. | District Judge Katherine A. Crytzer |
| BLUECROSS BLUESHIELD OF TENNESSEE, INC. | Magistrate Judge Steger |
| Defendant. | JURY DEMANDED |

### DEFENDANT'S REPLY IN SUPPORT OF THE MOTION TO DISMISS

Defendant BlueCross BlueShield of Tennessee, Inc. ("BCBST") submits this Reply in support of its Motion to Dismiss, (Docket Entry ("D.E.") 13). As set forth below, Plaintiff Joshua "Trey" White's ("Plaintiff's") Complaint fails to state a plausible claim for breach of contract, and the count should be dismissed.

In Plaintiff's response, he asserts that the Complaint should be dismissed for two reasons: (1) BCBST did not meet its obligation to meet and confer before filing its Motion to Dismiss (the "Motion"); and (2) the employment documentation BCBST submitted with its paperwork is incomplete. Both arguments lack merit.

**I.  BCBST Sufficiently Met its Meet-and-Confer Obligation Via Email Correspondence.**

BCBST raised with Plaintiff its concerns regarding the sufficiency of the breach of contract claim prior to filing its Motion to Dismiss, which is all that is required under the Court's Order Governing Motions to Dismiss (the "Order"). Pursuant to the Order, "the parties must meet and confer prior to the filing of a motion to dismiss to determine whether it can be avoided." (D.E. 5). The requisite notice of conference denotes what is required of the parties before filing such a

motion—that they "have conferred to determine whether an amendment could cure a deficient pleading, and have been unable to agree that the pleading is curable by a permissible amendment." (*Id.*). Parties may satisfy their meet and confer obligations through an exchange of writings, particularly where they are unable to schedule a telephonic conference before the deadline to file a motion to dismiss. *See, e.g.*, *Watkins v. Westin*, No. 3:21-cv-164, 2021 WL 3824808, at *1 (E.D. Tenn. Aug. 26, 2021) ("In support of the Motion, Defendants' counsel filed a declaration stating that she sent a meet and confer letter to Plaintiff via email on July 21, 2021. The letter explained the basis for Defendants' proposed Motion to Dismiss and requested a conference.") (internal citations omitted).

The emails Plaintiff cites in his Response—which Plaintiff fails to include as exhibits thereto in an apparent attempt to downplay the fulsomeness of their detail—demonstrate BCBST's good-faith attempts to confer with Plaintiff before the passage of the deadline to respond to the Complaint. On October 20, 2022, after Plaintiff had filed his Complaint but before BCBST had been served therewith, BCBST informed Plaintiff's counsel of concerns regarding the sufficiency of the breach of contract claim:

> Count III tacks on a breach of contract claim but there are no factual allegations regarding the existence of a contract between BCBST and White -- much less any contract that guaranteed White severance upon termination. We also do not believe there is a good-faith basis to assert that BCBST and White entered into a contract guaranteeing White post-separation severance benefits because no such contract (or promise or agreement) exists (or ever existed). Accordingly, we do not believe that an amendment will cure this defect. Nevertheless, as the Court requires, we wanted to reach out and discuss with you prior to filing our Motion.

*See* Email Exchange, a true and correct copy of which is attached hereto as **Exhibit A**. Plaintiff then amended his Complaint before serving BCBST. (*See* D.E. 7–8). On December 9, 2022, counsel for BCBST again emailed Plaintiff regarding concerns about the breach of contract claim's sufficiency, attempting to schedule a call to discuss the concerns. (Email Exchange, Ex. A hereto).

4861-2474-4776

2

Counsel for Plaintiff did not respond until 7:00 a.m. the following morning, offering only between 10:00am and 12:30pm that day for a possible telephonic conference. (*Id.*). Attending to other matters that morning, counsel for BCBST did not review Plaintiff's counsel's email until the window for the offered telephonic conference had already passed, and BCBST's deadline to respond to the Amended Complaint was set to expire at the end of the following business day. In lieu of a telephonic conference, BCBST's counsel explained:

> our concerns with the Amended Complaint mirror most of the concerns highlighted below. We don't believe the Amended Complaint sufficiently sets forth a claim for breach of contract. In the Amended Complaint, you all allege that Mr. White was promised severance in his original offer letter, but his offer letter included no such promise. As a courtesy for your reference, I've attached a copy of that offer letter.

(*Id.*). The attached letter includes a reference to two documents, which Plaintiff's counsel requested in response late in the day on Friday. (*Id.*). BCBST's counsel expeditiously sent the request to BCBST, but BCBST was unable to pull the documents—which were included in correspondence dating back to 2011—and it has remained unable to locate them. Given Plaintiff appeared unwilling to cure the highlighted deficiency in the Complaint without receiving copies of the documents and BCBST's impending deadline to respond to the Complaint, BCBST filed its Motion before responding to Plaintiff's document request.

BCBST sufficiently met its meet and confer obligations via email. Its counsel corresponded with Plaintiff's counsel, on numerous occasions, setting forth the reasons for the deficiency in Plaintiff's breach of contract claim, as is its obligation under the Order. Rather than propose an amendment, Plaintiff's counsel asked for additional documents that BCBST could not unearth before the passing of the deadline to respond to the Complaint, and it still has not been able to recover the requested documents. Accordingly, BCBST filed its Motion before a telephonic conference, a conference which is not required under the Order, could be scheduled.

Nevertheless, the parties' exchange of emails satisfies the Court's meet-and-confer requirement, and the failure to conduct a telephonic conference does not warrant denial of the Motion.

II.     **Plaintiff Bases His Breach of Contract Claim Upon His Employment Offer Letter, and the Offer Letter Does Not Provide Severance Benefits.**

Plaintiff bases his claim to severance exclusively on the contents of his offer letter. He alleges he was offered a severance benefit "as part of the terms of employment he accepted." (Am. Compl. ¶ 145, D.E. 7). The Amended Complaint compels the conclusion that the offer of severance benefits was reflected in Plaintiffs' offer letter, as he spill significant ink on his request for the letter in support of his claim to the benefit and BCBST's failure to provide it to him. (*Id.* ¶¶ 146–16). Following Plaintiff's filing of the Amended Complaint, BCBST was able to locate a copy of the offer letter, which is attached to the Motion and evidences that it does not contain an offer of severance benefits. (*See* Ex. A to Mot. Dismiss, D.E. 13-1).

Now, in his Response, Plaintiff is improperly trying to change the allegations of the Amended Complaint. He now argues that two pieces of documentation sent with the letter—which are not themselves the employment offer letter referenced in the Complaint—may have referenced the alleged severance benefit. (Pl.'s Resp. to MTD at 5, D.E. 16). While BCBST has not been able to locate the additional documents (which are irrelevant to the instant Motion given the manner in which Plaintiff pleads his claim), BCBST has assured its counsel—and its counsel has relayed to counsel for Plaintiff—that the documents were not unique to Plaintiff's benefits. Rather, they would likely have been a form I-9 and a general description of benefits that BCBST offers to all its employees, which never would have included severance.

The Amended Complaint bases its claim to severance on the contents of Plaintiff's offer letter. It does not reference any other documents that Plaintiff received when deciding to work for BCBST in 2011. The offer letter plainly demonstrates that it did not contain an offer of severance,

4861-2474-4776

4

Case 1:22-cv-00249-KAC-CHS   Document 17   Filed 01/10/23   Page 4 of 6   PageID #: 106

and said letter has been incorporated by reference into the Complaint. Thus, the Motion demonstrates that the Amended Complaint fails to state a plausible claim as a matter of law. It is Plaintiff's burden to amend his pleading to state a plausible claim. It is not BCBST's burden to disprove the viability of Plaintiff's claim, which is what Plaintiff is requesting BCBST do through its Motion. (*See* Resp. to Mot. Dismiss, at 6–7, D.E. 16). Thus, BCBST's Motion should be granted.

/s/ Robert E. Boston
Robert E. Boston (Tenn. BPR # 009744)
Joshua T. Wood (Tenn. BPR # 035395)
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
bob.boston@wallerlaw.com
josh.wood@wallerlaw.com

*Attorneys for Defendant*

4861-2474-4776
5
Case 1:22-cv-00249-KAC-CHS   Document 17   Filed 01/10/23   Page 5 of 6   PageID #: 107


## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that on this the 10th day of January, 2023, a true and correct copy of the foregoing document was electronically filed with the United States District Court for the Eastern District of Tennessee using the Court's Electronic Case Filing (ECF) system, which will serve all parties below as indicated on the electronic filing notice to receive service in this manner.

Stephen S. Duggins  
DUGGINS LAW GROUP, PLLC  
8052 Standifer Gap Road, Suite B  
Chattanooga, TN 37421  
423-635-7113  
Email: steve@dugginslawgroup.com

                                                  */s/ Robert E. Boston*_____  
                                                  Attorney for Defendant