# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| JOSHUA TREY WHITE, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:22-cv-00249-KAC-CHS |
| v. ) | |
| ) | District Judge Katherine A. Crytzer |
| BLUECROSS BLUESHIELD OF ) | |
| TENNESSEE, INC. ) | Magistrate Judge Steger |
| ) | |
| Defendant. ) | JURY DEMANDED |
| ) | |

## DEFENDANT BLUECROSS BLUESHIELD OF TENNESSEE, INC.'S RESPONSE TO DOCKET ENTRY 18

Defendant BlueCross BlueShield of Tennessee, Inc. ("BCBST") hereby responds to the Court's January 18, 2023 Order, (Docket Entry ("D.E.") 18), directing BCBST to respond to Plaintiff Joshua "Trey" White's ("Plaintiff's") request to amend his Complaint for the second time. BCBST opposes the requested amendment as in bad faith because Plaintiff is trying to have a claim survive even though past pleadings demonstrate he knows the claim is unsupported by the facts.

Courts must grant leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). A court may deny leave to amend upon showing of "undue delay, bad faith or dilatory motive . . . [or] futility of amendment." *Prater v. Ohio Educ. Ass'n*, 505 F.3d 437, 445 (6th Cir. 2007) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The assertion of a spurious claim to gain a tactical advantage is "bad faith" warranting the denial of leave to amend. *See, e.g.*, *Indus. Assets v. Cap. Equip. Sales Co.*, No. 96-1737, 1997 U.S. App. LEXIS 16205, at *12–13 (6th Cir. June 26, 1997) ("the district court properly denied Industrial leave to amend because Industrial

4887-2624-4940

1

acted in bad faith by asserting a claim that it knew was improper, but which was more favorable than the appropriate cause of action.")

BCBST avers that Plaintiff has likely engaged in bad faith by proposing to amend his breach of contract claim so that it may survive dismissal, even though his past pleadings demonstrate that he knows the claim to be unsupported by the facts. Plaintiff initially filed his Complaint on January 3, 2022. (D.E. 1). More specifically, in the original Complaint, there are no allegations of any agreement between Plaintiff and BCBST regarding severance pay. (*Id.* ¶¶ 84, 143–146). Rather, the Complaint asserts that Plaintiff's "failure to pay Mr. White severance constituted a breach of contract," despite no allegations that a contract containing a severance benefit existed between the parties. (*Id.*).

BCBST raised the omission in the Complaint with Plaintiff's counsel before BCBST was properly served, and Plaintiff amended the Complaint as a matter of right. (*See* Am. Compl. D.E. 7). The Amended Complaint now alleges that Plaintiff's employment offer letter provided Plaintiff a severance pay benefit, although Plaintiff lacked a copy of the offer letter and therefore did not attach said letter to the Amended Complaint. (*See id.* ¶¶ 144, 148–152). Critically, when he filed the Amended Complaint, Plaintiff believed that the terms of the offer letter were absolutely essential to his claim. Apparently believing that he would not be able to demonstrate the existence of a severance pay obligation without the offer letter, Plaintiff predicated his claim to relief on the conspiracy theory that "BlueCross has ***intentionally destroyed*** Mr. White's employment offer in an effort to escape compliance with the terms of that offer." (*Id.* ¶ 159) (emphasis added). Plaintiff was so certain in his belief regarding the source of the offered severance benefit—the offer letter—that he impugned the integrity of BCBST and its employees.

4887-2624-4940

But after Plaintiff filed the Amended Complaint, BCBST located the above-referenced offer letter, which unambiguously lacks any reference to a severance pay benefit. (*See* Ex. 1 to Mot. Dismiss, ECF No. 13-1). Nevertheless, Plaintiff requests leave to amend to keep the claim alive. (Pl.'s Resp. to Mot. Dismiss, ECF No. 16). He now alleges in the proposed Second Amended Complaint that BCBST "offered" a severance pay benefit—but without any supporting documentation or detail—and despite previously putting all his eggs in the proverbial basket that the offer letter itself contained the promised benefit. The proposed allegation is completely inconsistent with the utter pique Plaintiff demonstrated in his First Amended Complaint. Given the certitude of Plaintiffs' prior *ad hominem* allegations, BCBST is left to conclude that the allegations in the proposed Second Amended Complaint are not guided by Plaintiff's reasonable diligence and factual investigation. Rather, Plaintiff's efforts appear governed by his desire to keep his claim to a severance pay benefit alive.

Admittedly, discovery has not been taken in this case, and there is much to be learned about the facts underlying the dispute. And, generally, a court would not deny leave to amend because it seems unlikely that a plaintiff would be able to prove his case. But Plaintiff's claim concerns the existence of a contract, and contractual formation requires the parties' meeting of the minds and mutual assent. Accordingly, if there were a contract between the parties providing Plaintiff a severance pay benefit, Plaintiff would know exactly how and when the contract was entered. Here, Plaintiff's First Amended Complaint leaves no doubt that Plaintiff believed his employment offer letter contained such a promise. BCBST has demonstrated that Plaintiff's memory was faulty, and that he received no such promise. Nevertheless, despite the evidence contradicting Plaintiff's understanding of the agreement, he presses on, vaguely alleging that a

4887-2624-4940

contract existed without alleging any facts indicating how the agreement was entered—because it never was. The proposed amendment is in bad faith and should be rejected.

*/s/ Robert E. Boston*
Robert E. Boston (Tenn. BPR # 009744)
Joshua T. Wood (Tenn. BPR # 035395)
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
bob.boston@wallerlaw.com
josh.wood@wallerlaw.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 1st day of February, 2023, a true and correct copy of the foregoing document was electronically filed with the United States District Court for the Eastern District of Tennessee using the Court's Electronic Case Filing (ECF) system, which will serve all parties below as indicated on the electronic filing notice to receive service in this manner.

Stephen S. Duggins
DUGGINS LAW GROUP, PLLC
8052 Standifer Gap Road, Suite B
Chattanooga, TN 37421
423-635-7113
Email: steve@dugginslawgroup.com

*/s/ Robert E. Boston*
Attorney for Defendant

4887-2624-4940

4